UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PEDRO D. NIEBLAS-LOVE; BLANCO'S ENTERPRISES GROUP, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> ILEANA DIAZ; REKHA SHA; JOHN ENGLEBERT; and NEW YORK CITY HOUSING AUTHORITY, <br><br> Defendants. | 23-CV-10207 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the court's federal question jurisdiction, alleging that Defendants violated his "rights to Due Process of Law, under the Fourteenth Amendment of the Constitution of the United States of America." (ECF No. 1 at 1.) By order dated March 1, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action on behalf of himself and his business, Blanco's Enterprises Group, Inc. ("Blanco's"), against Ileana Diaz, Rekha Sha, John Englebert, and the New York City Housing Authority ("NYCHA"). Plaintiff does not make clear what Defendants did or failed to do that violated his rights. It appears that Plaintiff brings this action challenging the rulings of New York Supreme Court, New York County; the Appellate Division, First Department; and the New York State Court of Appeals, following the denial of his Article 78 petition against Defendants.

Plaintiff alleges that

> The record of the proceedings in the instant case, clearly shows which both, the New York County's Supreme Court, and the Appellate Division, First Department, mismanagement of this case was careless under New York State law, and the courts below overlooked and misapprehended the the facts and the law on arriving to their wrong decisions.

(ECF No. 1 at 2.)[1]

He alleges further that

> In the instant case, the New York County's Supreme Court decision, dated July 8, 2022, dismissing Plaintiffs' Article 78 Petition, did not comply with the above long held rules. It was devoid of any findings, and inexplicably misapprehended the facts. Since it was based on documentary evidence [outside] the record, and ignored Plaintiffs' assignment of claims, dated December 10, 2019.

(*Id.* at 3.)

Plaintiff brings this action seeking monetary damages "in the amount of 10.000.00 Dollars." (*Id.* at 5.)

Plaintiff Nieblas-Love's Article 78 petition seeking to challenge NYCHA's determination that bids submitted by Blanco's "were nonresponsive to NYCHA's requests for quotations" was denied on July 8, 2021. *See Nieblas-Love v. New York City Hous. Auth.*, 183 N.Y.S.3d 62 (App. Div. Jan. 19, 2023). Plaintiff appealed that decision to the New York Supreme Court, New York County, and on November 18, 2021, that court denied Plaintiff's motion to vacate the order denying his Article 78 petition. *Id.* The New York Supreme Court, Appellate Division, First Department, affirmed the decision of the New York County Supreme Court on January 19, 2023, *id.*, and the New York State Court of Appeals denied leave to appeal on September 21, 2023, *Nieblas-Love v. New York City Hous. Auth.*, 196 N.Y.S.3d 719 (2023).

---

[1] The Court quotes the complaint verbatim. All spelling, punctuation, and grammar are as in the original.

## DISCUSSION

### A.  Claims on behalf of Blanco's

Plaintiff's business, Blanco's, is also listed as a plaintiff in the caption of the complaint, which is signed only by Plaintiff Nieblas-Love. Corporations, partnerships, and limited liability companies may not appear without counsel. *See Lattanzio v. COMTA*, 481 F.3d 137 (2d Cir. 2007) ("[W]e hold that a sole member limited liability company must be represented by counsel to appear in federal court."); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that a corporation cannot proceed *pro se*). Moreover, as a *pro se* litigant, Plaintiff Nieblas-Love cannot act on behalf of another. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted). Accordingly, Plaintiff Nieblas-Love may not appear *pro se* on behalf of Blanco's.

### B.  *Rooker-Feldman* Doctrine

Federal courts lack subject matter jurisdiction to review cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine – named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983) – applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

To the extent that Plaintiff is challenging final state-court judgments and seeks an order from this Court vacating those judgements, his claim is for injuries "caused by the state-court judgment[s]." *Exxon*, 544 U.S. at 284. Because Plaintiff cannot ask this Court to review and reject the state-court decisions, his claim for relief is barred under the *Rooker-Feldman* doctrine.

C.  **Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as barred by the *Rooker-Feldman* doctrine.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   May 28, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge